**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

QUENTON WHITSELL,

        Petitioner,

v.                                             Case No. 04-CV-73999-DT

BLAINE LAFLER,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S PETITION
FOR WRIT OF HABEAS CORPUS**

Petitioner Quenton Whitsell has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the revocation of his parole on May 29, 2001. At the time he filed his petition, Petitioner was incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. Petitioner was re-released on parole in November, 2002.[1] For the reasons set forth below, the court denies Petitioner's petition for writ of habeas corpus.

**I.  BACKGROUND**

Petitioner was released on parole in August 1999 for a 24-month parole period. Petitioner was subsequently charged with violating the conditions of his parole. Following a hearing on May 29, 2001, he was convicted of failing to report an arrest within 24 hours and failing to report as instructed by the parole officer and his parole was revoked. Petitioner also pleaded guilty to criminal drug charges arising from conduct that occurred in March 2001 and was sentenced to eight months in the county

---

[1] Petitioner was charged with violating his 2002 parole in January 2004. He is now in custody pursuant to that parole violation and related criminal charges. He is currently confined at the Kinross Correctional Facility in Kincheloe, Michigan.

jail to be followed by a 24-month term of probation.  Petitioner was re-released on parole in November 2002.  Petitioner was again charged with violating his parole in January 2004.  He was also charged and subsequently convicted of criminal weapon violations and sentenced to two years imprisonment and two years of probation.  His current earliest release date is May 24, 2006.

Petitioner has challenged his May 29, 2001 parole revocation in the Michigan courts by filing a complaint for mandamus/petition for writ of habeas corpus in the state trial court, which was denied.  He also filed a habeas corpus complaint in the Michigan Court of Appeals, which was denied.  He then filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied.

Petitioner dated the instant federal habeas corpus petition on October 1, 2004 and it was filed by the court on October 15, 2004.  In his pleadings, Petitioner asserts that his May 2001 parole revocation proceedings violated his confrontation rights and were untimely, and that the revocation decision was based upon insufficient evidence.  Respondent has filed an answer to the petition asserting that it should be denied as moot, for lack of exhaustion, and/or for lack of merit.

## II.  DISCUSSION

As noted, Petitioner asserts that the May 29, 2001 revocation of his parole violated his constitutional rights.  Petitioner, however, is not entitled to relief from this court as his claims have been rendered moot.  Article III, § 2 of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477

(1990). An incarcerated convict's challenge to the validity of his conviction satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury which can be redressed by the invalidation of the conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole -- some "collateral consequence" of the conviction -- must exist if the suit is to be maintained and not considered moot. *Id.*

When a habeas petitioner challenges a conviction pursuant to which he is no longer incarcerated, collateral consequences sufficient to the satisfy the case or controversy requirement will generally be presumed. *See Sibron v. New York*, 392 U.S. 40, 55 (1968). The United States Supreme Court, however, has declined to extend this presumption of collateral consequences to parole revocations. *See Spencer*, 523 U.S. at 12-14; *see also Lane v. Williams*, 455 U.S. 624, 632-33 (1982). When a habeas petitioner challenges a parole revocation but has completed the sentenced imposed upon revocation, the petitioner bears the burden of demonstrating the existence of actual collateral consequences arising from the parole revocation. *Spencer*, 523 U.S. at 12-14; *see also Prowell v. Hemingway*, 234 F.3d 1269, 2000 WL 1679451, *1 (6th Cir. Nov. 1, 2000) (unpublished). Absent such a showing, the claims are rendered moot by completion of the imprisonment term imposed for the parole revocation.[2]

---

[2]The Court notes that claims of detriment in a future parole or sentencing proceeding, impeachment in a future criminal or civil proceeding, use against the petitioner as a defendant in a future criminal proceeding, and possible effects on filing a civil rights lawsuit under 42 U.S.C. § 1983 do not constitute sufficient proof of collateral consequences in the parole revocation context. *See Spencer*, 523 U.S. at 14-16.

Petitioner in this case completed the sentence imposed upon him by the revocation of his parole on May 29, 2001 as he was re-released on parole in November, 2002. He has not shown that he suffers continuing collateral consequences flowing from the challenged parole decision. Any injury that Petitioner suffered during the May, 2001 parole proceedings cannot be redressed by a favorable judicial decision from this court. Petitioner's habeas claims have thus been rendered moot and his petition must therefore be denied.[3]

### III.  CONCLUSION

For the reasons stated, the court concludes that Petitioner's claims concerning his May 2001 parole revocation proceedings are now moot and he has not demonstrated that he is otherwise entitled to habeas relief from this court. Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus [Dkt. # 4] is DENIED and DISMISSED WITH PREJUDICE.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 30, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2005, by electronic and/or ordinary mail.

---

[3] Because the court concludes that Petitioner's challenge to the revocation of his parole is moot, the court need not address the exhaustion issue or the merits of Petitioner's claims.

4

        S/Lisa Wagner
_____

Case Manager and Deputy Clerk
(313) 234-5522